UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:23-cv-14328-LEIBOWITZ/MAYNARD

BRIGHTHOUSE LIFE
INSURANCE COMPANY,
 *Plaintiff*,

v.

FRANCOISE FENELON and
TANISE FENELON,
 *Defendants*.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Shaniek Mills Maynard's Omnibus Report and Recommendation [ECF No. 85] (the "R&R"), entered on June 23, 2025, recommending the resolution of three pending motions in this interpleader action [ECF Nos. 56, 60, 66]. The undersigned referred the motions to Judge Maynard pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [*See* ECF No. 77]. Objections were timely filed by Defendant Tanise Fenelon ("Tanise") [ECF No. 87], and Defendant Francoise Fenelon ("Francoise") responded thereto [ECF No. 90]. Having reviewed and considered the R&R, the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation [ECF No. 85] and **AFFIRMS** the recommendations on the pending motions [ECF Nos. 56, 60, 66]. Defendant's Objections [ECF No. 87] to the R&R are **OVERRULED** for the reasons discussed below.

## I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## II.   DISCUSSION

### A.   Motion to Strike Factual Statements [ECF No. 66].

Judge Maynard recommended that Francoise's Motion to Strike 14 of 17 paragraphs contained within the statement of facts filed in support of Tanise's motion for summary judgment be DENIED. No objection was made. Finding no error, the Court agrees with Judge Maynard that a motion to strike is not the proper vehicle for challenging the admissibility of evidence submitted at summary judgment. [*See* ECF No. 85 at 6–8]. Accordingly, the Motion to Strike [ECF No. 66] is DENIED.

### B.   Cross-Motions for Summary Judgment [ECF Nos. 56, 60].

Judge Maynard recommended granting Francoise's Motion for Summary Judgment [ECF No. 56] and denying Tanise's Motion for Summary Judgment [ECF No. 60]. [ECF No. 85 at 21]. This interpleader action arose over competing claims to insurance proceeds upon the death of Francoise's son, who was also Tanise's ex-husband, Brisdrick Fenelon (the "Insured"). [*See* ECF Nos. 1-1 and 1-2]. The Insured designated Francoise and Tanise as primary beneficiaries, with 10% of the proceeds

going to Francoise and 90% to Tanise upon the Insured's death. [*See id.*]. The crux of the parties' dispute in this action is the effect, if any, of Florida's Divorce Revocation Statute, Fla. Stat. § 732.703(2), upon Tanise's designation as primary beneficiary by her ex-husband prior to the couple's divorce.

Judge Maynard analyzed the parties' arguments considering the summary judgment evidence and made no error in concluding that Tanise's status as primary beneficiary under the policy ended by operation of law on the date of the divorce. [*See* ECF No. 85 at 8–21]. Tanise had relied upon language in a Post-Nuptial Agreement [ECF No. 1-9], executed prior to the couple's divorce and fully incorporated into the couple's divorce decree [ECF No. 61-2 ¶ 6], as evidence the Insured intended to retain Tanise as a primary beneficiary post-divorce. Judge Maynard, however, correctly concluded that the general language of the Post-Nuptial Agreement was not sufficient to overcome Florida's Divorce Revocation Statute in that the agreement failed to "expressly provide[]" *post-divorce* that the benefits would be payable to Tanise as required by Section 732.703(4)(b), Florida Statutes. To avoid operation of the Divorce Revocation Statute, Tanise attempted to create an issue of fact regarding ownership of the insurance policy, arguing that her ex-husband orally transferred partial ownership of the insurance policy to Tanise prior to their divorce. [ECF No. 60 at 7 (citing *Dargan v. Federated Life Ins. Co.,* No. 22-14284-CV-CANNON/MCCABE, 2022 WL 9510979, at *2–3 (S.D. Fla. Sept. 30, 2022), *report and recommendation adopted* at 2022 WL 17583733 (S.D. Fla. Oct. 25, 2022) (denying motion to dismiss under Fla. Stat. § 732.703(2) where ex-spouse alleged that ownership of the insurance policy transferred to her prior to the couple's divorce))]. Judge Maynard properly rejected this argument as not based upon any summary judgment record evidence that pre-dated the Insured's death-- beyond Tanise's post-divorce payment of premiums, which was not sufficient to overcome the statute. [ECF No. 85 at 16–21 (citing *Zapata v. Gonzalez,* No. 8:18-cv-2577-T-23AEP, 2020 WL 5534656 (M.D. Fla. Aug. 3, 2020) *report and recommendation adopted* at 2020 WL 11303412 (M.D. Fla. Sept. 24, 2020) (granting

3

summary judgment where ex-spouse failed to show how alleged oral agreement transferring ownership of policy to ex-spouse fell within exception to the Divorce Revocation Statute))]. Finding no error, the Court makes the following rulings on Tanise's Objections.

### III.     RULING ON OBJECTIONS

1. Tanise's general objections to legal conclusions and factual findings [ECF No. 87 at 1–2] are **OVERRULED**. See *Schultz*, 565 F.3d at 1361 (general objections need not be considered by the district court).

2. <u>Objection No. 1: Postnuptial Agreement was ambiguous, so Judge Maynard misapplied Florida law governing the construction of unambiguous contracts</u>. [ECF No. 87 at 2–4]. **OVERRULED**. A *de novo* review of the Post-Nuptial Agreement [ECF No. 1-9] confirms Judge Maynard's conclusion that the contract is not ambiguous: (1) the agreement only generally preserved the divorced parties' rights to designate each other as beneficiaries of insurance policies [*id.* at ¶ 11]; (2) the schedules to the Agreement specifically delineated the disposition of the couple's assets and debts to include real property and credit cards, but not the subject insurance policy; and (3) the Agreement expressly stated as follows:

> This Agreement, including any attachments, exhibits, and amendments thereto, represents the entire and singular Agreement between the Parties pertaining to the matters specified herein, **and any prior agreements, promises, or representations not included here are void and of no effect**.

[ECF No. 1-9 ¶ 22.a. (emphasis added)]. The specific provision reserving the parties' rights to designate each other as beneficiaries post-divorce unambiguously states that "[n]othing in this Agreement will be construed to restrict or prohibit the Parties from … appointing one another as beneficiaries in their … life insurance policies[.]" [ECF No. 1-9 ¶ 11]. So, the parties were aware of the Divorce Revocation Statute.[1] Indeed, the schedules attached to the Agreement provide directions

---

[1] Tanise also agreed to as much in the preamble of the Post-Nuptial Agreement, which provides that "each Party acknowledges that he or she has been informed of his or her relevant legal rights

about the allocation of shared assets, *e.g.,* checking account: $3,000 to Tanise; sale of real property: 25% to Tanise. [ECF No. 1-9 at 9]. Yet, the Agreement is silent as to Tanise's continuation as primary beneficiary of a $500,000 life insurance policy post-divorce. Finding no ambiguity, Judge Maynard did not err.

3. <u>Objection No. 2: Erroneous Conclusion Regarding Policy Ownership</u>. **OVERRULED**. Upon *de novo* review, the summary judgment record is clear that the only owner of the subject policy was and was always the Insured, from application until death. There is no evidence that the Insured ever changed the Owner or Beneficiary designations of the policy post-divorce, and there is no record of the Insured's notifying the insurer of his wish to change either designation. And even if Tanise (as she attests [ECF No. 61-1]) and the Insured had an oral agreement that Tanise would "own" the policy post-divorce, that agreement was "void and of no effect" by the express provision of the Post-Nuptial Agreement cited above. [*See* ECF No. 1-9 ¶ 22.a.]. Moreover, Tanise's post-divorce payment of insurance premiums is not an exception under Florida's Divorce Revocation Statute. To avoid operation of the statute (1) the Insured could have notified the insurance company that Tanise would continue as primary beneficiary at 90% post-divorce, which he did not do, or (2) the parties' Post-Nuptial Agreement could have expressly provided that Tanise would continue as primary beneficiary at 90% post-divorce, which it did not. Finally, Tanise's reliance on a telephone call note entry of the insurer [ECF No. 61-5] referring to Tanise as "owner" after the Insured's death was in reference to her claim on the insurance proceeds. That note is not evidence of ownership as defined by the insurance policy. [*See* ECF No. 1-1 at 11 (defining "Owner" as the individual named as such in the Application and providing that a change of ownership must be made in a signed writing

---

pertaining to this Agreement; has been informed that he or she should consult Independent counsel of his or her choosing; [and] has had the full opportunity to be counseled by an independent attorney of his or her choosing regarding this Agreement and his or her relevant legal rights[.]" [Preamble, ECF No. 9-1].

5

during the insured's lifetime[2]); ECF No. 1-2 at 1 (reflecting that Brisdrick Fenelon is both the Insured and Owner of the policy)].

Further, even though "authorities generally sustain the doctrine that a life insurance policy may be the subject of a parol gift," the transfer is subject to a heightened evidentiary standard. *Shannahan v. Shannahan*, 173 So. 902, 903 (Fla. 1937). The burden of proof for orally gifting a life insurance policy under Florida law is "clear and convincing" that the Insured divested himself of all dominion and control over the subject policy. *Garner v. Bemis*, 87 So. 426, 427 (Fla. 1921) ("In the case of an alleged gift from husband to wife, there must be clear and convincing evidence of a delivery of the property by the husband *with the intention of divesting himself of all dominion and control of it* and of vesting it in the wife") (emphasis added); *see also United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp.* 845 F. Supp. 2d 1303, 1320 (S.D. Fla. 2012) (reiterating that "a valid inter vivos gift requires proof of actual or constructive delivery of the policy with intent to pass the title irrevocably.") (citing *Garner,* 87 So. at 427 (citation and internal quotation marks omitted).

Here, there is no evidence in the summary judgment record that the Insured ever divested himself of all dominion and control over the policy. To the contrary: The express reservation of rights in the Post-Nuptial Agreement suggests that the Insured continued to possess dominion and control over the policy such that he could designate Tanise post-divorce, which he did not do. [*See* ECF No. 1-9 ¶ 11]. Accordingly, no genuine issue of material fact exists as to who owned the policy post-divorce.

4.      Objection No. 3: Post-Nuptial Agreement Should Be Interpreted Broadly.

**OVERRULED**. Tanise also objects that Paragraph 11 of the Post-Nuptial Agreement (which

---

[2]   The policy further states that "a change of Owner will void any prior Beneficiary designation." [ECF No. 1-1 at 11]. Accordingly, a transfer of ownership—had it occurred—would have voided Tanise's designation as a beneficiary. Because Tanise did not re-designate herself as a beneficiary after the purported ownership transfer, this argument has no purchase here.

reserved the rights of the parties to designate each other as beneficiaries post-divorce) should be construed as if the Insured had designated Tanise as beneficiary to the policy post-divorce. [*See* ECF No. 87 at 4]. But that did not happen, and there was no provision in the agreement requiring the Insured to designate Tanise as beneficiary under the policy. Reserving a right to designate is not designation.

"Courts, without dispute, are not authorized to rewrite clear and unambiguous contracts." *Andersen Windows, Inc. v. Hochberg,* 997 So.2d 1212, 1214 (Fla. 3d DCA 2008) (citing *Hill v. Deering Bay Marina Ass'n,* 985 So.2d 1162, 1166 (Fla. 3d DCA 2008)). Where a contract is clear and unambiguous, it must be enforced as written. *See Spiegel v. H. Allen Holmes, Inc.,* 834 So.2d 295, 297 (Fla. 4th DCA 2002). The Court declines to rewrite the Post-Nuptial Agreement post-divorce and post-mortem. The contract is clear that the parties reserved their rights to designate each other as beneficiaries after they divorced, and the record is clear that did not happen.

5. <u>Objection No. 4: Improper Disregard of Affidavit Evidence</u>. **OVERRULED**.

Tanise next objects that Judge Maynard failed to credit her affidavit attesting to (1) the Insured's wish that Tanise remain a primary beneficiary of the policy post-divorce; (2) the ex-spouses' continued financial relationship regarding joint business debts post-divorce; and (3) Tanise's premium payments with the Insured's consent. [ECF No. 87 at 5]. The Court has already reviewed and overruled the objections regarding Tanise's payment of premiums post-divorce and Tanise's attestation that an oral agreement existed between her and the Insured. [*See* Part III.2. and Part III.3. above]. The fact that the ex-spouses continued to do business together after their divorce does not create a genuine issue of material fact as to Tanise's status under the policy. By operation of law, Tanise is deemed to have predeceased the Insured on the date the divorce was final. *See* Fla. Stat. § 732.703(2). Accordingly, under the clear terms of the policy, Francoise is the sole (100%) beneficiary of the policy. [*See* ECF No. 1-1 at 11].

## V.    CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Maynard's Report and Recommendation [ECF No. 85] is ADOPTED AND AFFIRMED and fully incorporated herein.

2. The Motion to Strike **[ECF No. 66]** is **DENIED**.

3. Defendant Tanise Fenelon's Objections [ECF No. 90] are **OVERRULED**.

4. Francoise Fenelon's Motion for Summary Judgment **[ECF No. 56]** is **GRANTED**.

5. Tanise Fenelon's Motion for Summary Judgment **[ECF No. 60]** is **DENIED**.

6. *The Clerk* is directed to disburse to Defendant Francoise Fenelon the $545,155.09 deposited into the Court's registry (representing the at-issue life insurance proceeds), plus accrued interest. [*See* ECF No. 34].

**DONE AND ORDERED** in the Southern District of Florida on July 28, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record